UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| COLONNADE PROPERTY, LLC | : |
| | : |
| | : BANKRUPTCY NO. 11-14061(JKF) |
| DEBTOR | : |
| | : |

## INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND RELATED RELIEF

**AND NOW**, this ____ day of _____, 2011, this matter coming to be heard on the request of Colonnade Property, LLC, Debtor-in-Possession ("Debtor"), for interim use of cash collateral, and the Court having considered the representations of counsel to the Debtor, counsel for National Penn Bank ("National Penn") and the Office of the United States Trustee at a hearing held on May 26, 2011, pursuant to 11 U.S.C. § 363 and Rule 4001(b)(2) of the Bankruptcy Rules, it is hereby:

**ORDERED** that the Debtor's Use of Cash Collateral in accordance with this Order is hereby approved, subject to the terms of this Order and the Budget attached hereto as Exhibit "A" only through June 23, 2011 and in the amounts as authorized herein; and it is further

**ORDERED,** that as adequate protection for the use of cash collateral on an interim basis through June 23, 2011, National Penn is hereby granted valid, binding, enforceable and perfected replacement security interests in and replacement liens on (collectively, the "Replacement Liens") all now owned or hereafter acquired property and assets of the Debtor that are similar in kind or nature to any property and assets of the Debtor, whether real or personal, tangible or intangible, wherever located, now owned or hereafter required or arising and all proceeds,

products, rents and profits thereof, in which National Penn was perfected pre-petition. Said Replacement Liens shall be deemed to be filed and perfected to the extent of National Penn pre-petition lien, without the need for filing by virtue of this Order; and it is further

**ORDERED,** that all replacement liens granted herein will attach in the same order of priority as existed pre-petition; and it is further

**ORDERED,** that as further adequate protection for the use of cash collateral on an interim basis through June 23, 2011, the Debtor will continue to make payments of principal and interest to National Penn in the amount of $18,630.00 per month, and deposit all amounts designated under the property tax line item in an escrow account at National Penn; and it is further

**ORDERED,** that the Debtor shall provide written proof of insurance and maintain insurance on all assets; and it is further

**ORDERED,** that the Debtor shall be permitted a variance of 5% on any line item without seeking consent of the bank or the Court, however, savings in line items may not be reallocated to different line items; and it is further

**ORDERED,** that, upon written consent of National Penn, the Debtor and the office of the United States Trustee, a line item may be increased above 5% up to a cap of $7,500.00 and it is further

**ORDERED** that in the event Debtor defaults or violates this Order, Debtor's right to use Cash Collateral shall automatically cease until further Order of this Court; and it is further.

**ORDERED,** that the Debtor's use of cash collateral is approved in accordance with the Budget. All proceeds shall remain with the Debtor for use in operations subject to the liens of National Penn and the budget; and it is further

**ORDERED**, that the Debtor shall pay National Penn in accordance with the Budget; and it is further

**ORDERED**, that Debtor shall maintain all operating accounts with National Penn Bank and deposit all receipts and proceeds into such operating accounts. Within fifteen days of the entry of this Order, Debtor shall provide bi-weekly accountings to National Penn Bank setting forth the cash receipts and disbursements made by the Debtor under this Order. In addition, Debtor shall provide National Penn Bank with all other reports required by the pre-petition loan documents and any other reports reasonably required by National Penn Bank, as well as copies of Debtor's monthly United States Trustee operating reports; and it is further

**ORDERED**, that to the extent that adequate protection provided for hereby proves insufficient to protect National Penn Bank's interest in and to the cash collateral, National Penn Bank shall have a super-priority administrative expense claim, pursuant to Section 507(b) of the bankruptcy Code, senior to any and all claims against the Debtor under Section 507(a) of the bankruptcy Code, whether in this proceeding or in any superseding proceeding; and it is further

**ORDERED**, that upon twenty four hour notice, Debtor shall permit National Penn Bank and its agents reasonable and free access to Debtor's records and place of business during normal business hours to review evaluate and appraise the physical condition of National Penn Bank's collateral, to review and inspect financial records and audit cash receipts and disbursements. National Penn Bank may request and Debtor shall provide periodic telephonic updates concerning the business operations and affairs of the Debtor (including without limitation proposals/bids made and contracts entered into); and it is further

**ORDERED**, that nothing contained herein shall be deemed or construed to (a) limit National Penn Bank to the relief granted herein: (b) bar National Penn Bank from seeking other

and further relief (including relief from this Order) for cause shown on appropriate notice to the Debtor and other parties-in-interest entitled to notice of the same; or (c) require National Penn to make any further loan or advance to the Debtor; and it is further

**ORDERED,** that the Debtor is authorized to pay Unpaid Compensation accruing from May 15, 2011 through May 19, 2011 on June 3, 2011 (the "Prepetition Employee Obligations"); and it is further

**ORDERED,** that the Debtor is authorized to move forward with the payment of the Prepetition Employee Obligations and the continuation of the related employment benefit policies; and it is further

**ORDERED,** that this Order, as it pertains to the payment of Prepetition Employee Obligations, is entered *nunc pro tunc* to the Petition Date; and it is further

**ORDERED,** that a further interim hearing on the use of cash collateral shall be held on _____ 2011 at _____ _.m. and the Debtor and all parties reserve all rights as to each other on any request by the Debtor to continue to use National Penn's cash collateral, budget items and adequate protection payments; and it is further

**ORDERED** that written notice of the above stated hearing shall be given by the Debtors to National-Penn, all secured creditors, the U.S. Trustee and any other parties filing request for notices pursuant to Rule 2002 on or before _____, 2011.

BY THE COURT:

_____
UNITED STATES BANKRUPTCY JUDGE