CIARDI CIARDI & ASTIN
Albert A. Ciardi, III, Esquire
Thomas D. Bielli, Esquire
Jennifer E. Cranston, Esquire
One Commerce Square
2005 Market Street, Suite 1930
Philadelphia, PA 19103
Telephone: (215) 557-3550
Facsimile: (215) 557-3551

## UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | : |
| | : **CHAPTER 11** |
| **COLONNADE PROPERTY, LLC** | : |
| | : |
| | : **BANKRUPTCY NO. 11-14061(JKF)** |
| **DEBTOR** | : |
| | : |

## MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER PURSUANT TO 11 U.S.C. § 364(b) and § 364(c)(3) APPROVING THE POST-PETITION LOAN FROM THE TENANTS IN COMMON TO THE DEBTOR

Colonnade Property, LLC (the "Debtor"), by and through its proposed, undersigned counsel, Ciardi Ciardi & Astin, hereby requests approval of a post-petition loan from AREI Colonnade 1, LLC, AREI Colonnade 2, LLC, AREI Colonnade 3, LLC, AREI Colonnade 4, LLC, AREI Colonnade 5, LLC, AREI Colonnade 6, LLC, AREI Colonnade 7, LLC, AREI Colonnade 8, LLC, AREI Colonnade 9, LLC, AREI Colonnade 10, LLC, AREI Colonnade 11, LLC, AREI Colonnade 12, LLC, AREI Colonnade 13, LLC, AREI Colonnade 14, LLC, AREI Colonnade 15, LLC, AREI Colonnade 16, LLC, AREI Colonnade 17, LLC, AREI Colonnade 18, LLC, AREI Colonnade 19, LLC and AREI Colonnade 20, LLC (hereinafter collectively referred to as the "Tenants in Common") to the Debtor (the "Motion"), and in support thereof avers as follows:

## BACKGROUND

1.    On May 19, 2011 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").

2.    The Debtor is continuing in possession of its property and is operating and managing its business as a Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    The Debtor is the operator of The Colonnade Senior Living Community (the "Colonnade") and is the Master Lessee of the Tenants in Common pursuant to a Master Lease Agreement dated August 13, 2008.

5.    The Colonnade provides apartment-style living with the security of having personal assistance around-the-clock. Each suite offers the comfort and independence of home with a variety of floor-plan options to choose from. While no two apartments are exactly alike, they all include a compact or full-size kitchen; individual heat and air-conditioning; a private bath with a step-in shower; and emergency call bells in each bathroom and bedroom area. The Colonnade also offers an independent-living option for those residents who need minimal assistance, but still desire the secure and convenient lifestyle we offer, such as restaurant-style dining; housekeeping and laundry services.

6.    The Colonnade is made up of approximately 94 units for a total of 105 beds.

7.    The Debtor's revenue is generated primarily from monthly rental income in the Approximate aggregate amount of $140,554.27.

8.    Debtor employs approximately fifty six (56) employees at The Colonnade and pays approximately $91,250.00 per month in payroll.

9.    Debtor purchases products on a daily basis for its operations.

10.    The Tenants in Common and the Debtor are parties to that certain Loan Agreement with National Penn Bank ("National Penn") dated April, 2009.  Specifically, the Debtor is a guarantor under the Loan Agreement and collateralized its guarantee with a lien and security interest in the Collateral, as defined in Section 4.01 of the Loan Agreement, in the original principal amount of $2,800,000.

11.    Initially the Debtor projects a monthly operating cash flow deficiency of $125,000.00 which will decline over time.

12.    The Tenants in Common have historically funded this deficiency and request authority of this Court to make, on a monthly basis, loans to the Debtor on an administrative and junior secured basis up to an amount not to exceed $125,000.00 on a monthly basis.

## RELIEF REQUESTED

13.    The Debtor is seeking court permission to permit the Tenants in Common to provide a post-petition administrative loan in an amount up to $125,000.00 per month for the purpose of funding the operating cash flow deficiency of the Debtor.

14.    Section 364(b) provides: [t]he court, offer notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section allowable under section 503(b)(1) of this title as an administrative expense.

15.    Section 364(c)(3) provides, in pertinent part, as follows:

(c)  [i]f the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—

(3)  secured by a junior lien on property of the estate that is subject to a lien.

11 U.S.C. § 364(c)(3).

16.    The post-petition loan shall be made on an administrative basis and junior to the Bank's Lien.

17.    The loan shall not bear interest.

18.    In accordance with Section 364(c), the Debtor represents that it is unable to obtain financing for its operations on an (a) unsecured basis; or (b) on any basis more favorable to the Debtor than proposed in this Motion and that after diligent efforts the Debtor is unable to obtain financing from any other source.

19.    The Debtor believes that the request to obtain post petition financing is proper, reasonable and necessary to continue the Debtor's operations.

20.    Approval of the Debtor's request to obtain post petition financing from the Tenants in Common is in the best interest of the Debtor and creditors of the estate.

21.    The terms and provisions of the financing arrangement described herein and the provisions of the proposed order are fair and reasonable, and were negotiated by the parties in good faith and at arms' length.  Consequently, the Debtor requests that the Court find that any loans or advances made by the Members are made in good faith for the purposes of §364(e) of the Bankruptcy Code.

22.    The loans will accrue as an administrative expense until confirmation of the Plan.

## CONCLUSION

23.    The Debtor seeks the entry of an order approving the loan.

    **WHEREFORE,** the Debtor respectfully requests that this Court enter an Order in the form attached hereto and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

CIARDI CIARDI & ASTIN

Date:  May 31, 2011           By:    _____

Albert A. Ciardi, III, Esquire
Thomas D. Bielli, Esquire
Jennifer E. Cranston, Esquire
One Commerce Square, Ste. 1930
Philadelphia, PA 19103
(215) 557 3551 (facsimile)

Proposed Counsel to the Debtor